1833.

Wilkinson
v.
Henshaw.

---

## WILKINSON vs. HENSHAW.

Where an injunction is allowed at chambers, by a vice chancellor acting in his character of injunction master, the complainant is not entitled to solicitor's and counsel fees as on a special motion for an injunction, although the suit is pending before such vice chancellor.

A party successfully opposing a motion, if nothing is said as to costs upon the decision of the motion, is entitled to his costs of opposing such motion, as costs in the cause.

A party is entitled to an allowance, on taxation, for drawing instructions for the examination of the witnesses of the adverse party, if such service has been actually performed.

THIS was an appeal from the decision of a vice chancellor as to the taxation of costs; the complainant having obtained a decree against the defendant, with costs to be taxed. The suit was commenced before a vice chancellor, to whom an application was made for an injunction, at his chambers, and allowed. One of the items claimed by the complainant, and disallowed by the taxing officer, was for a counsel fee on the motion for an injunction. He also claimed costs for opposing a motion to suppress certain depositions, at the hearing; which motion was founded upon a previous notice to his

August 20.

solicitor. The motion was denied, but nothing was said, in the order, as to the costs of opposing the motion. These items of costs were also disallowed by the taxing officer. He also disallowed a charge, made by the complainant's solicitor, for drawing instructions for the cross-examination of six witnesses produced and examined on the part of the defendant.

*M. Fillmore,* for the complainant.

*D. Tillinghast,* for the defendant.

THE CHANCELLOR. The 30th rule provides for the entry of an order for an injunction, upon the certificate of a vice chancellor, acting in the character of injunction master; whether the suit or proceeding is before the chancellor or a vice chancellor. If the suit is commenced before a vice chancellor, he is also authorized to allow an injunction, by an order made in open court, in his character of judge of the court; but in that case he is entitled to no fee upon making the order for the injunction. On the contrary, if the application is made to the vice chancellor at chambers, in his character of injunction master, he is entitled to the same fee that a master would be entitled to for the same service; but the solicitor, in that case, is not entitled to solicitor's and counsel fees, as upon a special motion for an injunction made in open court. In this case, I infer from the statement agreed upon by the parties, that the injunction was allowed by the vice chancellor at chambers, in his character of injunction master. If such was the fact, the charge for counsel fee on the motion for an injunction was properly disallowed on taxation.

The complainant was entitled to the allowance claimed, for his brief, and solicitor's and counsel fees, in resisting the motion to suppress a part of the depositions. Although nothing was said as to the costs of the motion, the complainant having successfully opposed the same, he was entitled to his taxable costs of opposing the motion, as a part of the general costs of the cause. (1 *Sim. & Stu. Rep.* 357.) If the vice chancellor intended to excuse the defendant from the payment of

those particular costs, he should have directed the motion to be denied, without costs; or should have excepted the costs of this motion, in the general decree for costs.

The complainant was also entitled to the charge for drawing instructions for the examination of the witnesses produced by the defendant; provided the service was actually performed. The item in the fee bill is general; and it applies as well to the cross-examination of the witnesses produced by the adverse party, as to the direct examination of a party's own witnesses. And when the examination is conducted by any person other than the solicitor, specific instructions as to the points to which the witness is to be examined, are as necessary in the one case as in the other. As no objection is made, in the stipulation of the parties on which this appeal was submitted, that instructions were not actually drawn, for the cross-examination of these witnesses, the rejected item must be allowed.